I write specially to note that doubts as to the scope of arbitration must be resolved in favor of arbitrability. Moses H.Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1,103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Here, any doubt as to the authority of the arbitrator to determine the arbitrability of this dispute must be resolved in favor of the arbitrator's authority to determine that issue. Our threshold determination that it is for the arbitrator to decide arbitrability should not be taken as a determination on the merits of the question as to whether the dealer agreement is broad enough to encompass arbitration of the dispute between Polaris and Heritage alleging interference with Heritage's relationship with a third party.
Having said that, I am not naive enough to think that it will be easy to obtain an order from an arbitrator at the outset of the proceedings that would render the arbitrator's further involvement unnecessary. Nor am I by any means the first to take note of the practical aspects of allowing an arbitrator to determine whether the arbitration should proceed. See PrimaPaint Corp. v. Flood Conklin Mfg. Co., 388 U.S. 395, 416,87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) (Black, J., dissenting) ("The only advantage of submitting the issue of fraud to arbitration is for the arbitrators. Their compensation corresponds to the volume of arbitration they perform. If they determine that a contract is void because of fraud, there is nothing further for them to arbitrate. I think it raises serious questions of due process to submit to an arbitrator an issue which will determine his compensation."). The same can be said of submitting the issue of arbitrability to the arbitrator. But, alas, the law of the land is otherwise.